AO 241
(Rev. 01/15)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **Middle** | |
|---|---|---|
| Name: (under which you were convicted) **CHUNPING LIN** | | Docket or Case No: |
| Place of Confinement: **FLORIDA DEPARTMENT OF CORRECTIONS TAYLOR CORRECTIONAL INSTITUTION, PERRY, FL.** | Prisoner No: **T80587** | |
| Petitioner (include the name under which you were convicted) **CHUNPING LIN**    v. | Respondent (authorized person having custody of petitioner) **SEC'Y, FLORIDA DEPT. OF CORRECTIONS** | |
| The Attorney General of the State of: **FLORIDA** | | |

8:21 CV 593 -TPB - AEP

## PETITION

1.  (a) Name and location of Court that entered the judgment of conviction you are challenging: **Thirteenth Judicial Circuit For Hillsborough County, Florida**

    (b) Criminal docket or case number (if known): **2011-CF-008093-A**

2.  (a) Date of the Judgment of Conviction (if you know): **January 31, 2013**

    (b) Date of Sentencing: **March 8, 2013**

3.  Length of Sentence: **served on each count ran concurrently.**

    **Count 1: 40-years state prison followed by 5-years supervision**
    **Count 2, time served**

4.  In this case, were you convicted on more than one count or of more than one crime? **No**

5.  Identify all crimes of which you were convicted and sentenced in this case:

    **Count 1: Murder in the Second Degree**
    **Counts 2: Battery**

6.  (a) What was your plea? (Check one)

    ☑ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty              ☐ (4)  Insanity plea

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON
3-12-21
DATE (MAILROOM-MAIN UNIT) OFFICER INT.

AO 241
(Rev. 01/15)

(b) If you entered a guilty plea to one count or charge and not guilty plea to another count charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one) ☑ Jury

7.   Did you testify at a pretrial hearing, trial, or post-trial hearing? ☐ Yes ☑ No

8.   Did you appeal from the judgment of conviction? ☑ Yes ☐ No

9.   If you did appeal, answer the following:

(a) Name of Court: **Second District Court Of Appeal of Florida.**

(b) Docket or Case Number (If you know): **2D13-1203**

(c) Result: **Affirmed without Opinion**

(d) Date of result (If you know): **January 17, 2014/February 14, 2014(mandate)**

(e) Citation to the case (If you know):

(f) Grounds raised: **Refer to Initial brief from the direct appeal.**

(g) Did you seek further review by a higher Court?      ☐ Yes ☑ No

If yes, answer the following:

(1) Name of Court: **N/A**

(2) Docket or Case Number (if you know): **N/A**

(3) Result: **N/A**

(4) Date of Result (if you know): **N/A**

(5) Citation to the case (if you know): **N/A**

(6) Grounds raised: **N/A**

(h) Did you file a petition for certiorari in the United States Supreme Court? **No**

If yes, answer the following:

(1) Docket or Case Number (if you know): **N/A**

(2) Result: **N/A**

(3) Date of Result (if you know): **N/A**

(4) Citation to the Case (if you known): **N/A**

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any State Court? **Yes**

11.     If your answer to Question 10 was "Yes", give the following information:

(a)(1) Name of Court: **Thirteenth Judicial Circuit for Hillsborough County, Florida**

(2) Docket or Case Number (if you know): <u>**2011-CF-008093-A**</u>

(3) Date of Filing (if you know): <u>**June 22, 2015**</u>

(4) Nature of the proceeding: <u>**Rule 3.850 Motion for Postconviction Relief**</u>

(5) Grounds Raised: <u>**8- Claims Of Ineffective Assistance Of Trial Counsel.**</u>

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☑ Yes

(7) Result: <u>**Summarily Denied in part and Denied on the merits**</u>

(8) Date of Result (if you know): <u>**April 12, 2017**</u>

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of Court: <u>**Rule 3.800(a) Motion to Correct Illegal Sentence**</u>

(2) Docket or case number (if you know): <u>**2011-CF-008093-A**</u>

(3) Date of Filing (if you know): <u>**March 24, 2014**</u>

(4) Nature of the proceeding: <u>**Collateral attack of sentence**</u>

(5) Grounds raised: <u>**Refer to motion**</u>

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? <u>**No**</u>

(7) Result: <u>**March 31, 2014**</u>

(8) Date of Results (if you know): <u>**Summarily Denied**</u>

(c) If you filed a third petition, application, or motion, give the same information:

(1) Name of Court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of Filing (if you know): **N/A**

AO 241
(Rev. 01/15)

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition,

application, or motion? **N/A**

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(d) Did you appeal to the highest state court having jurisdiction over the action

taken on your petition application, or motion?

(1) First petition: ☑ Yes  ☐ No

(2) Second petition: ☑ Yes  ☐ No

(3) Third petition: ☐ Yes  ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why

you did not: <u>N/A</u>

12.   For this petition, state every ground on which you claim that you are being held in
violation of the Constitution, laws, or treaties of the United States.  Attach additional
pages if you have more than four grounds.  State the facts supporting each ground

   **CAUTION: To proceed in the Federal Court, you must ordinarily first
exhaust (use up) your available state-court remedies on each ground on which you
request action by the federal court.  Also, if you fail to set forth all the grounds in
this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Ineffective Assistance of Trial Counsel
*Claims 1 and 2 of Amended Rule 3.850 Motion for PCR*

PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF WHERE TRIAL COUNSEL **FAILED TO CONDUCT AN ADEQUATE PRETRIAL INVESTIGATION** AND **FAILED PRESENT WITNESSES OR EVIDENCE TO SUPPORT THE OPENING STATEMENT THAT PETITIONER DID NOT KILL HIS WIFE AND SHE WAS NOT MURDERED** IN VIOLATION OF STRICKLAND V. WASHINGTON, 466 US 668 (1984) AND THE 6TH AND 14TH AMENDMENTS OF THE FEDERAL CONSTITUTION.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to investigate or interview a defense medical expert to assist the defense in rebutting the critical and prejudicial testimony of the prosecution's medical expert. For instance, the prosecution's medical expert Dr. Chrostowki testified that Lin's wife died because of contusions of the brain and subdural hemorrhage due to blunt impact to the head. Dr. Chrostowki also testified that if a procedure to evaluate blood to decrease pressure on the brain is not done the person dies shortly thereafter. And that the purpose of this type of surgery is to stop pressure from building and without the surgery death was imminent. Dr. Chrostowki further testified that Petitioner's wife became unresponsive due to respiratory failure. She was able to walk around for the period of time she had, but due to the hemorrhage slowly enlarging, it progressed into more severe symptoms, which end in death if something is not done.  The contusions on Petitioner's wife brain would had to have been caused by incredible power if fists were used, but state normally when contusions are observed, it impact of some object, and more likely even the impact of the persons head against the object. On cross-examination, Dr. Chrostowki

testified that he could not exclude that one blow to the caused the injury. On redirect, Dr. Chrostowki stated that based on the photos he viewed; the victim's injuries were the result of multiple impacts to the head rather that a single blow. Here had counsel consulted an independent expert he would have been prepared to present to the jury an alternative explanation that the victim's injuries were not the result of multiple impact, that the injury to her head appears to be consistent with one blow to the head or caused by falling and hitting her head on the floor. And that had she not been removed from life support that is a chance that she may have survived. Petitioner submits that there were no other reasonable tactical or strategic reasons for trial counsel not consulting an independent expert. This is was evident where during voir dire trial counsel emphasized to the jury that the testimony of an expert witness is the only opinion testimony that does not have to be believed.

Because the prosecution's medical expert provided damaging testimony and no other evidence was submitted to contradict there expert's findings which the crux of the evidence relied to convict the Petitioner. It was unreasonable that counsel neglected not adequately contest the premeditation theory. Given the impact of an expert's testimony, there is a reasonable probability that an independent expert's testimony would have changed the outcome off the trial.

**Petitioner hereby incorporates by reference the facts and legal arguments pertaining to this claim made by the Petitioner during the state court proceedings.**

**As such, the Petitioner alleges that a new trial is warranted because the state appellate court's, state trial court's adjudication of this federal claim resulted in a**

decision that was either: (1) contrary to, or involved an unreasonable application of Faretta or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).

(b) If you did not exhaust your state remedies on Ground One, explain why: **N/A**

(c) **Direct appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? **No**

    (2) If you did not raise this issue in your direct appeal, explain why: **N/A**

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **Yes**

    (2) If your answer to Question (d)(1) is "Yes," state:

        a. Type of motion or petition: **Rule 3.850 Motion for Postconviction Relief**

        b. Name and location of the court where the motion or petition was filed:
            **Thirteenth Judicial Circuit in Hillsborough County Florida**

        c. Docket or case number (if you know):**2011-CF-8093**

        d. Date of the court's decision: **April 12, 2017**

        e. Result (attach a copy of the court's opinion or order, if available):**Denied**

    (3) Did you receive a hearing on your motion or petition? **Yes**

    (4) Did you appeal from the denial of your motion or petition? **Yes**

    (5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal? **Yes**

    (6) If your answer to Question (d)(4) is "Yes," state:

        a. Name and location of the court where the appeal was filed:
            **Second District Court of Appeals for Florida**

        b. Docket or case number (if you know): **2D17-2357**

        c. Date of the court's decision: 11/18/2020 (opinion) 12/17/20 (mandate)

        d. Result (attach a copy of the court's opinion or order, if available):**Per Curiam Affirmed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **No**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **N/A**

**GROUND TWO:** Ineffective Assistance of Trial Counsel
*Claim 3 of Amended Rule 3.850 Motion for PCR*

**PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF WHERE TRIAL COUNSEL FAILED TO INVESTIGATE THE EXTENT OF PETITIONER'S INJURIES TO SUPPORT HIS CLAIM OF SELF-DEFENSE AND FAILED TO OBJECT AND REQUEST A RICHARDSON HEARING IN VIOLATION OF STRICKLAND V. WASHINGTON, 466 US 668 (1984) AND THE 6TH AND 14TH AMENDMENTS OF THE FEDERAL CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner alleges that his trial counsel failed to object and requested a hearing based on a discovery violation when Dr. Chrostowki testified at trial for the first time that victim's injuries were the result of multiple blows to the head and not a single blow. This opinion was not stated in Dr. Chrostowki reports or deposition. Trial counsel should have objected on this basis and request a discovery violation hearing. For this evidence to come out for the time at trial affected the defense to the trial. The adverse effect of the testimony was compounded when the prosecution argued during closing facts not in evidence regarding the victim's blood being on the wall of the bedroom. In addition, the prosecution argued how Dr. Chrostowki had testified there was a degree of medical

certainty the death was due to subdural hemorrhage and brain contusions because of blunt force trauma and there was no other cause of death.

Because counsel failed to retain an independent expert and request a discovery, violation hearing. Based on the above testimony, Petitioner asserts that the jury apparently gave Dr. Chrostowki testimony as to the injuries and cause of death considerable weight. Petitioner asserts that the new information prejudicially affected the preparation of his trial where without this deficiency counsel's trial preparation would have been different. Thereby, there is a reasonable probability the outcome of the proceedings would resulted in lesser charge.

**Petitioner hereby incorporates by reference any additional facts, allegations, and legal arguments pertaining to this claim that were made by the Petitioner during the state court proceedings. As such, the Petitioner alleges that relief is warranted because the state court's adjudication of this federal claim resulted in a decision that was either: (1) contrary to, or involved an unreasonable application of Federal Law or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).**

(b) If you did not exhaust your state remedies on Ground Two, explain why: **Yes**

(c) **Direct appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? **Yes**

(2) If you did not raise this issue in your direct appeal, explain why:  **N/A**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?        ☐ Yes  ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

    a. Type of motion or petition: **Rule 3.850 Motion for Postconviction Relief**

    b. Name and location of the court where the motion or petition was filed:
       **Thirteenth Judicial Circuit in Hillsborough County Florida**

    c. Docket or case number (if you know):**2011-CF-8093**

    d. Date of the court's decision: **April 12, 2017**

    e. Result (attach a copy of the court's opinion or order, if available):**Denied**

(3) Did you receive a hearing on your motion or petition? **Yes**

(4) Did you appeal from the denial of your motion or petition? **Yes**

(5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal? **Yes**

(6) If your answer to Question (d)(4) is "Yes," state:

    a. Name and location of the court where the appeal was filed:
       **Second District Court of Appeals for Florida**

    b. Docket or case number (if you know): **2D17-2357**

    c. Date of the court's decision: 11/18/2020 (opinion) 12/17/20 (mandate)

    d. Result (attach a copy of the court's opinion or order, if available):**Per Curiam Affirmed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: **N/A**

**GROUND THREE:** Ineffective Assistance of Trial Counsel
*Claim 7 of Amended Rule 3.850 Motion for PCR*

**PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF WHERE TRIAL COUNSEL WHEN COUNSEL PRESENTED CONTRADICTORY ARGUMENT IN SUPPORT OF A MOTION FOR JUDGMENT OF ACQUITTAL BY ARGUING THAT THE DEPRAVED MIND ELEMENT OF SECOND-DEGREE MURDER WAS NOT MET, BUT STATED DURING OPENING STATEMENT THAT THE DEPRAVED MIND ELEMENT WAS MET IN VIOLATION OF STRICKLAND V. WASHINGTON, 466 US 668 (1984) AND THE 6TH AND 14TH AMENDMENTS OF THE FEDERAL CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

When trial counsel made his motion for judgment of acquittal, he made contradictory argument. In particular, counsel argued that the depraved mind element was not met but failed to explain how the evidence failed to met the element. Counsel presented a contradictory argument that the killing is a depraved mind and reckless killing. Then stated that the elements of hatred, ill will, spite, or an evil intent were not met. Thus, absent this contradictory argument before the Court and in advancing the supporting facts and information alleged in the ground for ineffective assistance of trial counsel. There exists a reasonable probability that the Court would have granted the motion had counsel made the appropriate arguments instead contradictory statements.

**Petitioner hereby incorporates by reference any additional facts, allegations, and legal arguments pertaining to this claim that were made by the Petitioner during the state court proceedings.**

**As such, the Petitioner alleges that a new trial is warranted because the state**

AO 241
(Rev. 01/15)

court's adjudication of this federal claim resulted in a decision that was either: (1) contrary to, or involved an unreasonable application of Faretta v. California, 422 U.S. 806 (1975), or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).

(b) If you did not exhaust your state remedies on Ground Three, explain why: **N/A**

(c) **Direct appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? **No**

    (2) If you did not raise this issue in your direct appeal, explain why:


(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **Yes**

    (2) If your answer to Question (d)(1) is "Yes," state:

        a. Type of motion or petition: **Rule 3.850 Motion for Postconviction Relief**

        b. Name and location of the court where the motion or petition was filed:

          **Thirteenth Judicial Circuit in Hillsborough County Florida**

        c. Docket or case number (if you know):**2011-CF-8093**

        d. Date of the court's decision: **April 12, 2017**

        e. Result (attach a copy of the court's opinion or order, if available):**Denied**

    (3) Did you receive a hearing on your motion or petition? **No**

    (4) Did you appeal from the denial of your motion or petition? **Yes**

    (5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal? **Yes**

    (6) If your answer to Question (d)(4) is "Yes," state:

        a. Name and location of the court where the appeal was filed:

          **Second District Court of Appeals for Florida**

        b. Docket or case number (if you know): **2D17-2357**

    c.  Date of the court's decision: 11/18/2020 (opinion) 12/17/20 (mandate)

    d.  Result (attach a copy of the court's opinion or order, if available): **Per Curiam Affirmed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **No, claims of ineffective assistance of appellate counsel are not cognizable on direct appeal.**

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **N/A**


**GROUND FOUR:** Ineffective Assistance of Trial Counsel
*Claim 5 of Amended Rule 3.850 Motion for PCR*

**PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF WHERE TRIAL COUNSEL FAILED TO INVESTIGATE AND UNDERSTAND THE LAW IN RELATION TO THE FACTS OF THE CASE IN VIOLATION OF STRICKLAND v. WASHINGTON, 466 US 668 (1984) AND THE 6TH AND 14TH AMENDMENTS OF THE FEDERAL CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    The first issue regarding the removal of life support arose during a sidebar conference, during the sidebar, the prosecution represented to the Court that the Petitioner had been contacted by attorneys Maura Doherty and Maria Paulidis. They both declined the idea of having Petitioner's wife removed from life support. The prosecution further represented that the reason why the attorneys did not agree to life support being removed was that to do so would have changed the nature of the present case. Trial counsel objected on the basis that the issue would amount to hearsay was inadmissible. The prosecution countered that the issue of who made the decision to discontinue life support

AO 241
(Rev. 01/15)

was based on statutory law. The trial overruled the objection and allowed the question to be answered. Dr. Chrostowki answered the question posed by the prosecution.

Petitioner submits that his trial counsels were ineffective for failing to properly researching the law in relation to the proper protocol for the appointment of a guardian ad litem. Petitioner further asserts that he was prejudiced by this deficiency because the prosecution upgraded the charges from *felony battery* to second-degree murder. Furthermore. Had counsel researched and understood the law governing this matter they counsel have effectively argued for a judgment of acquittal on the basis that the Petitioner had not decision in removing his wife from life support.

**Petitioner hereby incorporates by reference any additional facts, allegations, and legal arguments pertaining to this claim that were made by the Petitioner during the state court proceedings.**

**As such, the Petitioner alleges that a new trial is warranted because the state court's adjudication of this federal claim resulted in a decision that was either: (1) contrary to, or involved an unreasonable application of Strickland v. Washington or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).**

(b) If you did not exhaust your state remedies on Ground Four explain why: **N/A**

(c) **Direct appeal of Ground Four:**

　　(1) If you appealed from the judgment of conviction, did you raise this issue? **No**

　　(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **Yes**

(2) If your answer to Question (d)(1) is "Yes," state:

    a.  Type of motion or petition: **Rule 3.850 Motion for Postconviction Relief**

    b.  Name and location of the court where the motion or petition was filed:
       **Thirteenth Judicial Circuit in Hillsborough County Florida**

    c.  Docket or case number (if you know):**2011-CF-8093**

    d.  Date of the court's decision: **April 12, 2017**

    e.  Result (attach a copy of the court's opinion or order, if available):**Denied**

(3) Did you receive a hearing on your motion or petition? **Yes**

(4) Did you appeal from the denial of your motion or petition? **Yes**

(5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal? **Yes**

(6) If your answer to Question (d)(4) is "Yes," state:

    a.  Name and location of the court where the appeal was filed:
       **Second District Court of Appeals for Florida**

    b.  Docket or case number (if you know): **2D17-2357**

    c.  Date of the court's decision: 11/18/2020 (opinion) 12/17/20 (mandate)

    d.  Result (attach a copy of the court's opinion or order, if available):**Per Curiam Affirmed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

**GROUND FIVE:** Ineffective Assistance Of Trial Counsel
*Claim 6 of Amended Rule 3.850 Motion for PCR*

**PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF WHERE TRIAL COUNSEL FAILED TO OBJECT AND A REQUEST A CURATIVE INSTRUCTION BASED ON THE PROSECUTION'S MISSTATEMENT OF THE LAW REGARDING THE STATUTORY REQUIREMENT INVOLVING THE DECISION TO TAKE PETITIONER WIFE OFF LIFE-SUPPORT IN VIOLATION OF STRICKLAND V. WASHINGTON, 466 US 668 (1984) AND THE 6TH AND 14TH AMENDMENTS OF THE FEDERAL CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During trial, the prosecution asked Dr. Chrostowki whether he understood the statutory requirements and authority of a court-appointed guardian ad litem because there was no family member available to making any decision and there was no living will prepared by the victim. Counsel did not object to the question or requested a curative instruction that the jury be properly informed. In addition, counsel provided the jury with facts and information, which proved Petitioner, was not contacted prior to the removal of life support. There is a reasonable probability that had proper judgment of acquittal been sought it would have been granted or reduced to lesser charges.

**Petitioner hereby incorporates by reference any additional facts, allegations, and legal arguments pertaining to this claim that were made by the Petitioner during the state court proceedings.**

**As such, the Petitioner alleges that a new trial is warranted because the state court's adjudication of this federal claim resulted in a decision that was either: (1) contrary to, or involved an unreasonable application of Strickland v. Washington or**

**(2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).**

(b) If you did not exhaust your state remedies on Ground One, explain why: **N/A**

(c) **Direct appeal of Ground Five:**

(1) If you appealed from the judgment of conviction, did you raise this issue? **No**

(2) If you did not raise this issue in your direct appeal, explain why: **In Florida, claims of ineffective assistance of appellate counsel are raised in the District Court of Appeals that the appeal was sought in by way of a Petition Alleging Ineffective Assistance of Appellate Counsel under rule 9.141(d).**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes

(2) If your answer to Question (d)(1) is "Yes," state:

a. Type of motion or petition: **Rule 3.850 Motion for Postconviction Relief**

b. Name and location of the court where the motion or petition was filed:
   **Thirteenth Judicial Circuit in Hillsborough County Florida**

c. Docket or case number (if you know):**2011-CF-8093**

d. Date of the court's decision: **April 12, 2017**

e. Result (attach a copy of the court's opinion or order, if available):**Denied**

(3) Did you receive a hearing on your motion or petition? **Yes**

(4) Did you appeal from the denial of your motion or petition? **Yes**

(5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal? **Yes**

(6) If your answer to Question (d)(4) is "Yes," state:

a. Name and location of the court where the appeal was filed:
   **Second District Court of Appeals for Florida**

b. Docket or case number (if you know): **2D17-2357**

c. Date of the court's decision: 11/18/2020 (opinion) 12/17/20 (mandate)

  d.  Result (attach a copy of the court's opinion or order, if available):**Per Curiam Affirmed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five: **N/A**

**GROUND SIX:** Ineffective Assistance of Trial Counsel
*Claim 8 of Amended Rule 3.850 Motion for PCR*

**PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF DUE TO THE CUMULATIVE EFFECT OF ERRORS ALLEGED IN THE CLAIMS ALLEGED IN VIOLATION OF STRICKLAND V. WASHINGTON, 466 US 668 (1984) AND THE 6TH AND 14TH AMENDMENTS OF THE FEDERAL CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

When considering the cumulative effect of defense counsel' representation and/or the other errors presented in this petition, it is clear that defense counsel's level of representation fell below that of reasonably competent counsel. Furthermore, it is also discernible that there is a reasonable probability that but for any one particular error relief is warranted under these circumstances.

**Petitioner hereby incorporates by reference any additional facts, allegations, and legal arguments pertaining to this claim that were made by the Petitioner during the state court proceedings.**

**As such, the Petitioner alleges that a new trial is warranted because the state court's adjudication of this federal claim resulted in a decision that was either: (1)**

contrary to, or involved an unreasonable application of **Strickland v. Washington or**

**(2) "based on an unreasonable determination of the facts in light of the evidence**

**presented in the State court proceeding." 28 U.S.C. 2254(d).**

(b) If you did not exhaust your state remedies on Ground One, explain why: **N/A**

(c) **Direct appeal of Ground Six:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? **No**

    (2) If you did not raise this issue in your direct appeal, explain why:  **N/A**

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?      No

    (2) If your answer to Question (d)(1) is "Yes," state:

        a.  Type of motion or petition: **Rule 3.850 Motion for Postconviction Relief**

        b.  Name and location of the court where the motion or petition was filed:

          **Thirteenth Judicial Circuit in Hillsborough County Florida**

        c.  Docket or case number (if you know):**2011-CF-8093**

        d.  Date of the court's decision: **April 12, 2017**

        e.  Result (attach a copy of the court's opinion or order, if available):**Denied**

    (3) Did you receive a hearing on your motion or petition? **No**

    (4) Did you appeal from the denial of your motion or petition? **Yes**

    (5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal? **Yes**

    (6) If your answer to Question (d)(4) is "Yes," state:

        a.  Name and location of the court where the appeal was filed:

          **Second District Court of Appeals for Florida**

        b.  Docket or case number (if you know): **2D17-2357**

        c.  Date of the court's decision: 11/18/2020 (opinion) 12/17/20 (mandate)

        d.  Result (attach a copy of the court's opinion or order, if available):**Per Curiam Affirmed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six: **N/A**

13.     Please answer these additional questions about the petition you are filing:

(a) Have all ground for relief that you have raised in this petition been presented to the highest state court having jurisdiction? **Yes**

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that had not been presented in some state or federal court? **No**

If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding     the     conviction that you challenge in this petition? No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.     Attach a copy of any court opinion or order, if available. **N/A**

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? **No**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. **N/A**

AO 241
(Rev. 01/15)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: **N/A**

   (b) At arraignment and plea: **Kenneth Littman, APD and John Dingfelder, 700 East Twiggs Street, Tampa FL 33602**

   (c) At trial: **same as above**

   (d) At sentencing: **same as above**

   (e) On appeal: **Public Defender Office**

   (f) In any post-conviction proceeding: **Daniel Ripley, Asst. Regional Counsel, 220 East Madison Street, Suite 630, Tampa FL 33602**

   (g) On appeal from any ruling against you in a post-conviction proceeding: **Deana K. Marshall, Special Assistant Public Defender, FBN 0124117, Post   Office Box 9000-PD, Bartow FL 33830**

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? **No**

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:

   (c) Give the length of the other sentence:

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? **No**

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

**A timely direct appeal was filed to the Second District Court of Appeals of Florida in Chunping Lin v. State,  So. 3d  (Fla. 2nd DCA 2014).[1] Petitioner's judgment became final on** April 15, 2014  **when the United States Supreme Court denied a timely filed petition for writ of certiorari.  The Petitioner on March 24, 2014 filed his Rule 3.800(a) motion to correct illegal sentence and remained pending until April 30, 2014 when the time expired to appeal. Petitioner filed a motion for post conviction relief on June 26, 2015 that remained pending until December 17, 2020 when the mandate was issued in Chunping Lin  v. State, 2D17-2357, (Fla. 1st DCA 2020).**

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:
      (1)    A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
      (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
      (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
      (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] See **Nix v. Secretary for Dept. of Corrections**, 393 F 3d 1235, 1236-1237 (11th Cir. 2004).

Therefore, petitioner asks that the Court grant the following relief: **petitioner respectfully prays this Court reverse his judgments and sentences in this case and remand for a new trial** or any other relief to which petitioner may be entitled.

_____**N/A**_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on **March  11**    , 2021.

Executed (signed) on   3/ 11 /21   (date).

CHUN PING LIN
_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. **N/A**